IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY T. SLACK, SR., N-97934, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12-cv-1194 MJR |
| ANTHONY COURT, | ) |
| DONALD BUNT, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for incidents occurring while he was a detainee at Madison County Jail. Plaintiff is now serving a forty year sentence for conviction of murder, armed robbery and sexual assault. Plaintiff states that he has not filed a grievance in this matter because Madison County Jail does not have a grievance process available.

According to Plaintiff, Defendant Court, a sergeant at Madison County Jail, made racially offensive remarks in his presence. Plaintiff complained to Defendant Bunt, the jail administrator but did not receive a response. He requests monetary damages for psychological trauma and request treatment classes for the defendants.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against any defendant.

Not all racial insensitivity violates the Constitution. The Court of Appeals for the Seventh Circuit has stated flatly that "the use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a person of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2002).

Defendant Court's remarks consist of a single comment, made to someone other than Plaintiff, but uttered in his presence. The conduct does not rise to the level of constitutional violation. This claim shall be dismissed without prejudice.

Additionally, the claim against Defendant Bunt is dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. ***Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted)**. Plaintiff has not alleged that Defendant Bunt is "personally responsible for the deprivation of a constitutional right." *Id.*

Accordingly, Bunt is DISMISSED as a defendant.

**Pending Motions**

Plaintiff's Motion for Appointment of Counsel is **DENIED** as moot (Doc. 3).

2

**Disposition**

The entire action and all claims against Defendants for 5th, 8th or 14th Amendment violations fail to state a claim upon which relief can be granted and will be **DISMISSED** without prejudice.  All Defendants shall be dismissed without prejudice.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: December 19, 2012**

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge